UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>COURT SERVICES AND OFFENDER SUPERVISION AGENCY,<br><br>    Defendant. | Civil Action No. 05-853 (JDB) |

**MEMORANDUM OPINION**

    Plaintiff, a federal inmate appearing *pro se*, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Defendant has filed a motion to dismiss. Both parties have submitted affidavits and exhibits to support their respective positions. Since the Court has considered matters outside the pleadings, defendant's motion will be reviewed under the standards of Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b). After reviewing the parties' filings and the applicable law, the Court finds that the records at issue are exempt from the relevant provisions of the Privacy Act and that the disclosure of the requested records is not required under the FOIA. Therefore, summary judgment will be granted in favor of defendant.

*Statement of Facts*

    On January 13, 2005, plaintiff sent a letter to Paul Quander, Director of the Court Services and Offender Supervision Agency ("CSOSA"), requesting "all psychological files, sessions and/or documents" pertaining to him. Complaint ("Compl."), Exhibit ("Ex.") 7. Plaintiff had met with

psychologists at both federal and District of Columbia correctional facilities. *Id.*  Mr. Quander informed plaintiff he could request a copy of his records from CSOSA's FOIA officer. *Id.*, Ex. 5. In addition, plaintiff was advised to seek his District of Columbia records through the D.C. Department of Corrections. *Id.*

On February 9, 2005, plaintiff again wrote to Mr. Quander. *Id.*, Ex. 2.  Plaintiff alleged that there were inaccuracies in his presentence investigation report ("PSI"), and requested that the errors be corrected pursuant to the Privacy Act. *Id.*  In a letter to CSOSA's FOIA Officer dated February 15, 2005, plaintiff requested "all information pertaining to [his] mental health/psychological files for the time [he] was in the custody of the [D.C. Department of Corrections]." Defendant's Motion to Dismiss ("Deft.'s Mot."), Ex. A.  On March 3, 2005, CSOSA informed plaintiff that the agency had no records responsive to his request. *Id.*, Ex. B. CSOSA only maintains records on individuals on supervised release in the District of Columbia. *Id.*  CSOSA suggested that plaintiff contact the D.C. Mayor's Office. *Id.*  From March 8, 2005 to March 30, 2005, plaintiff sent letters to CSOSA repeating his request. *Id.*, Ex. C.

Plaintiff filed this action on April 29, 2005. *See* Compl.  Thereafter, CSOSA's FOIA Office received a request from plaintiff that corrections be made to his PSI. Deft.'s Mot., Declaration of Renee Barley, ¶ 7.  On July 5, 2005, CSOSA denied all but one of plaintiff's requested corrections. Deft.'s Mot., Ex. D.

### *Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions  in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).  The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment.  The party opposing the motion must show that there is a genuine issue of *material* fact.  *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *See id.; Laningham v. United*

*States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

*Analysis*

Plaintiff brings two claims for relief. Pursuant to the Privacy Act, plaintiff contends that defendant should amend the alleged inaccuracies and erroneous information in his PSI. *See* Compl., ¶ 8(A). The FOIA claim seeks all psychological records generated while plaintiff was in the custody of the D.C. Department of Corrections. *Id.*, ¶ 8(B).

The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend. *See* 5 U.S.C. § 552a(d)(2). An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision. 5 U.S.C. § 552a(g)(1)(C). A plaintiff can recover monetary damages if the agency's conduct was intentional or willful. 5 U.S.C. § 552a(g)(4).

To prevail on a Privacy Act claim for damages, plaintiff must show (1) that the agency failed to maintain accurate records; (2) that the agency's conduct was intentional or willful; and (3) that an adverse determination was made respecting the plaintiff due to the inaccurate record. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 582 (D.C. 2002). Plaintiff has the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful. *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984); 5 U.S.C. § 552a(g)(4). A willful or

intentional act is "an act without grounds for believing it to be lawful, or [an act done] by flagrantly disregarding others' rights ... or a violation ... so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir. 1996).

Defendant contends that plaintiff's PSI is a record exempt from the Privacy Act's amendment, accuracy and damages provisions. An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act. *See* 5 U.S.C. § 552a(j)(2). Pursuant to this authority, PSIs in the possession of CSOSA are exempt from the Privacy Act. *See* 28 C.F.R. § 802. 28(a)(1)(iii); *see also White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998)(Privacy Act amendment provision not applicable to PSI). Accordingly, plaintiff cannot bring a Privacy Act claim against CSOSA based on its alleged failure to maintain an accurate PSI.

Defendant moves to dismiss plaintiff's FOIA claim for failure to exhaust administrative remedies. A party must exhaust the available administrative remedies under FOIA prior to seeking relief in federal court. *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002). FOIA's exhaustion requirement, however, is not jurisdictional. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Failure to exhaust only precludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar. *Id.* at 1258-59 (quoting *Oglesby*, 920 F.2d at 61). FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *Hidalgo*, 344 F.3d at 1259.

Exhaustion of remedies is generally required "so that the agency has an opportunity to

exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. The purposes and policies of the exhaustion requirement are to prevent premature interference with agency processes, to give the parties and the courts the benefit of the agency's experience and expertise, and to compile an adequate record for review. *Wilbur*, 355 F.3d at 677; *Hidalgo*, 344 F.3d at 1259.

It is an undisputed fact that plaintiff was advised of his appeal rights by defendant. *See* Deft.'s Mot., Ex. B. Moreover, plaintiff never appealed CSOSA's decision on his FOIA request. Accordingly, plaintiff's failure to exhaust precludes judicial review of his FOIA request.[1]

### *Conclusion*

Based on the foregoing, summary judgment will be granted in favor of defendant. An appropriate order will accompany this Memorandum Opinion.

JOHN D. BATES
United States District Judge

Dated: November 17, 2005

---

[1] Plaintiff has also filed a motion to appoint counsel and for an extension of time to file supplemental material. Given the disposition of the case, the motion will be denied. The supplemental materials plaintiff wishes the Court to consider consist of no more than the allegations the Court has considered and rejected in this Memorandum Opinion. The Court also notes that plaintiff alleges that he hired and paid a lawyer who was not authorized to practice law. However, according to a document submitted by plaintiff, the Office of Bar Counsel for the District of Columbia investigated plaintiff's complaint and found that it was without merit. *See* Plaintiff's Motion to Appoint Counsel, Attachment G.